## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **TRUSTEES OF THE NATIONAL AUTOMATIC SPRINKLER INDUSTRY WELFARE FUND, TRUSTEES OF THE NATIONAL AUTOMATIC SPRINKLER LOCAL 669 UA EDUCATION FUND, TRUSTEES OF THE NATIONAL AUTOMATIC SPRINKLER INDUSTRY PENSION FUND, TRUSTEES OF THE SPRINKLER INDUSTRY SUPPLEMENTAL PENSION FUND, TRUSTEES OF THE METAL TRADES WELFARE FUND, TRUSTEES OF THE METAL TRADES PENSION FUND AND TRUSTEES OF THE INTERNATIONAL TRAINING FUND** <br> **8000 Corporate Drive** <br> **Landover, MD  20785,** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| **Plaintiffs,** | ) ) |
| **v.** | ) C.A. NO. ) |
| **J.A. FIRE PROTECTION, INC.** <br> **6187 N. 400 Street** <br> **Fairland, IN  46126** | ) ) ) ) |
| **Serve: Patricia S. Abrams, President** <br> **6187 N. 400 Street** <br> **Fairland, IN  46126** | ) ) ) ) |
| **and** | ) ) |
| **PATRICIA S. ABRAMS** <br> **6187 N. 400 Street** <br> **Fairland, IN  46126** | ) ) ) ) |
| **Serve: Patricia S. Abrams** <br> **6187 N. 400 Street** <br> **Fairland, IN  46126** | ) ) ) ) |
| **Defendants.** | ) |

## <u>COMPLAINT</u>

### (FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT, TO COLLECT CONTRIBUTIONS DUE TO PLAINTIFF FUNDS AND FOR BREACH OF SETTLEMENT AGREEMENT)

**Parties**

1.      Plaintiffs Trustees of the National Automatic Sprinkler Industry Welfare Fund, Trustees of the National Automatic Sprinkler Local 669 UA Education Fund, Trustees of the National Automatic Sprinkler Industry Pension Fund, Trustees of the Sprinkler Industry Supplemental Pension Fund, Trustees of the Metal Trades Welfare Fund, Trustees of the Metal Trades Pension Fund and Trustees of the International Training Fund (hereinafter "NASI Funds") are employee benefit plans as that term is defined in Section 3(3) of the Employee Retirement Income Security Act ("ERISA") of 1974, 29 U.S.C. § 1002(3).  Plaintiff Funds are established and maintained according to the provisions of the Restated Agreements and Declarations of Trust establishing the NASI Funds (hereinafter "Trust Agreements") and the Collective Bargaining Agreement between Road Sprinkler Fitters Local Union No. 669 and the Defendant, J.A. Fire Protection, Inc. (hereinafter "JA Fire").  The NASI Funds are administered at 8000 Corporate Drive, Landover, Maryland  20785.

2.      Defendant JA Fire is a corporation existing under the laws of the State of Indiana with offices located in Indiana. Defendant transacts business in the State of Indiana as a contractor or subcontractor in the sprinkler industry and all times herein was an "employer in an industry affecting commerce" as defined in Sections 501(1), (3), 2(2) of the Labor-Management Relations Act, 29 U.S.C. Sections 142(1), (3) and 152(2); Section 3(5), (9), (11), (12), (14) of ERISA, 29 U.S.C. Sections 1002(5), (9), (11), (12), (14); and Section 3 of the Multi-Employer Pension Plan Amendments of 1980, 29 U.S.C. § 1001(a).

3.      Defendant Patricia S. Abrams is the President of the Defendant JA Fire and a resident of the state of Indiana.

2

**Jurisdiction**

4.      This Court has jurisdiction of this action under Sections 502 and 515 of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185(a).  This is an action for breach of a Collective Bargaining Agreement between an employer and a labor organization representing employees in an industry affecting commerce and an action to collect contributions due to employee benefit plans under the terms of the Collective Bargaining Agreement and an action for breach of a Settlement Agreement and Promissory Note.

**COUNT I**

5.      Defendant JA Fire is signatory to a Collective Bargaining Agreement with Road Sprinkler Fitters Local Union No. 669 (hereinafter referred to as "the union") requiring contributions to the NASI Funds for each hour of work by employees performing installation of automatic sprinkler systems.

6.      Defendant JA Fire is bound to the Trust Agreements and to the Guidelines for Participation in the NASI Funds (hereinafter "Guidelines").

7.      Defendant JA Fire employed certain employees covered by the Collective Bargaining Agreement during the period of August 2013 through the present.

8.      The Defendant JA Fire experienced substantial difficulty in making the required benefit contributions owed to the NASI Funds during the years 2013 through 2017.  In response to these difficulties, in February 2018 the NASI Funds and said Defendant entered into a Settlement Agreement and Promissory Note (hereinafter "settlement documents") allowing for a systematic payment over time of all amounts owed to the NASI Funds.  These settlement

3

documents required, inter alia, the payment of the principal amount of $165,958.85 by said Defendant to the NASI Funds in monthly installment payments over a period of twenty-four months.  The settlement documents further provided that the Defendant JA Fire remain current in all future contributions to the NASI Funds for the duration of the settlement and file all monthly report forms and payments on time as required by the Funds' Trust Agreements.  Liquidated damages in the amount of $113,202.85 were waived contingent upon the Defendant JA Fire making each and every one of the scheduled payments as they became due under this Agreement and contingent upon the Defendant remaining current in its monthly contributions for the duration of the settlement.

9.      Defendant Patricia S. Abrams personally executed these settlement documents pursuant to which she committed herself to act as a guarantor for all amounts owed by the Defendant JA Fire to the NASI Funds inclusive of future monthly contributions owed to the Funds for the duration of the settlement.

10.      The Defendant JA Fire defaulted on the terms of the settlement documents by failing to pay contributions owed to the NASI Funds for the months of March and April 2018.

11.      Defendant JA Fire has failed to make contributions due to Plaintiff Funds for the months of March and April 2018.  In addition, Defendant has failed to submit report forms for these months.  Pursuant to the terms of the Collective Bargaining Agreement, Defendant is obligated to submit report forms and pay contributions owed to Plaintiff Funds.

12.      Pursuant to Article VI, Section 6 of the Restated Agreements and Declarations of Trust establishing the NASI Funds, when an employer fails to file the properly completed report forms, in order to determine the amounts due, the Funds are authorized to project the delinquency amount using the following formula:

4

. . . The Trustees may project as the amount of the delinquency the greater of (a) the average of the monthly payments or reports submitted by the Employer for the last three (3) months for which payments or reports were submitted, or (b) the average of the monthly payments or reports submitted by the Employer for the last twelve (12) months for which payments or reports were submitted . . .

13.     Using report forms submitted for the last three (3) months for which actual payments were made, the projected delinquency for the months of March and April 2018 is $84,714.88 calculated as follows:

| Month | Journeymen Hours | Metal Trades Hours |
|---|---|---|
| Dec. 2017 | 2,272.0 | 400.0 |
| Jan. 2018 | 1,717.5 | 320.0 |
| Feb. 2018 | 1,801.0 | 328.0 |
| **Average Monthly Hours:** | 1,930.2 | 349.3 |
| **Rates in Effect** | **3/1/2018** | **As of 4/1/18** |
| Welfare | $9.67 | $9.67 |
| Education | $0.37 | $0.42 |
| Pension | $6.40 | $6.40 |
| SIS | $3.91 | $4.66 |
| Metal Trades Welfare | $5.10 | $5.10 |
| Metal Trades Pension | $0.95 | $0.95 |
| ITF | $0.10 | $0.10 |

14.     Defendant JA Fire's contributions on behalf of its sprinkler fitter employees for the months of March and April 2018 are late.

15.     Pursuant to the Trust Agreements and the Guidelines for Participation in the NASI Funds, an employer who fails to pay the amounts required by the Collective Bargaining Agreement on time shall be obligated to pay liquidated damages as follows:

(1)     If payment is not received in the Funds Office by the 15th of the month, 10% of the amount is assessed.

  (2)  An additional 5% is added if payment is not received in the Funds Office by the last working day of the month in which payment was due.

  (3)  An additional 5% is added if payment is not received by the 15th of the month following the month in which payment was due.

  16.  Pursuant to this provision, Defendant JA Fire is obligated to Plaintiff Funds in the amount of $16,733.02 in liquidated damages assessed on late contributions as set forth herein, plus interest from the date of delinquency through the date of payment at the rate provided in 29 U.S.C. Section 1132(g) and the Restated Agreements and Declarations of Trust establishing the NASI Funds.

  17.  Pursuant to the terms of the settlement documents, the Defendant Patricia S. Abrams is liable for all amounts owed by the Defendant J.A. Fire to the NASI Funds. Accordingly, the Defendant Patricia S. Abrams is liable to the NASI Funds for the sum of $101,447.91, plus costs, interest and attorneys' fees.

  **WHEREFORE**, in Count I, Plaintiff Funds pray for judgment against the Defendants JA Fire and Patricia S. Abrams, jointly and severally, as follows:

  A.  In the amount of $84,714.88 for contributions due for work performed during the months of March and April 2018, plus costs, interest, and reasonable attorneys' fees assessed pursuant to 29 U.S.C. § 1132(g), the Trust Agreements and the Guidelines for Participation in the NASI Funds.

  B.  In the amount of $16,733.02 for liquidated damages assessed on late contributions for the months of March and April 2018, plus costs, interest, and reasonable attorneys' fees assessed pursuant to 29 U.S.C. § 1132(g), the Trust Agreements and the Guidelines for Participation in the NASI Funds.

C.      For costs, interest, and reasonable attorneys' assessed pursuant to 29 U.S.C.

§ 1132(g), the Trust Agreements and the Guidelines for Participation in the NASI Funds.

D.      For all contributions and liquidated damages which become due subsequent to the

filing of this action through the date of judgment, plus costs, interest, and reasonable attorneys' fees,

pursuant to 29 U.S.C. § 1132(g) and the Restated Agreements and Declarations of Trust

establishing the NASI Funds.

E.      For such further relief as the Court may deem appropriate.

Respectfully submitted,

**O'DONOGHUE & O'DONOGHUE LLP**
5301 Wisconsin Avenue, N.W.
Suite 800
Washington, D.C.  20015
(202) 362-0041 – telephone
(202) 362-2640 – facsimile
cgilligan@odonoghuelaw.com


By:  _____/s/_____
     Charles W. Gilligan
     Maryland Bar No. 05682
     Attorneys for Plaintiffs

303718_1

7

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 8th day of June, 2018 on the following:

The Office of Division Counsel
Associate Chief Counsel (TE/GE) CC: TEGE
Room 4300
1111 Constitution Avenue
Washington, DC  20224
Attention:  Employee Plans

Secretary of Labor
200 Constitution Avenue, N.W.
Washington, DC  20210
ATTENTION:  Assistant Solicitor for
      Plan Benefits Security

_____/s/_____
Charles W. Gilligan

303718_1