**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |
|---|---|
| **TRUSTEES OF THE NATIONAL AUTOMATIC SPRINKLER INDUSTRY WELFARE FUND** *et al.*, | \* <br> \* <br> \* |
| Plaintiffs, | \* |
| v. | \*  Case No.: GJH-18-1690 |
| **J.A. FIRE PROTECTION, INC.** *et al.*, | \* <br> \* |
| Defendants. | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Following Defendants' failure to answer or otherwise defend in this action, the Clerk of the Court entered default against Defendants on September 7, 2018. Pursuant to Fed. R. Civ. P. 55(b), Trustees of the National Automatic Sprinkler Industry Welfare Fund, Trustees of the National Automatic Sprinkler Local 669 UA Education Fund, Trustees of the National Automatic Sprinkler Industry Pension Fund, Trustees of the Sprinkler Industry Supplemental Pension Fund, Trustees of the Metal Trades Welfare Fund, Trustees of the Metal Trades Pension Fund and Trustees of the International Training Fund (collectively, "Plaintiffs" or "NASI Funds"), then filed a motion for default judgment with supporting declarations and exhibits. ECF No. 8. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Plaintiffs' Motion will be granted.

I.      **BACKGROUND**[1]

Plaintiffs NASI Funds are "employee benefit plans" as that term is defined in the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002(3). ECF No. 1 ¶ 1. The NASI Funds are established and maintained according to provisions of the Restated Agreements and Declarations of Trust ("Restated Agreements") and the collective bargaining agreements between Sprinkler Fitters Local Union No. 669 and Defendant J.A. Fire Protection, Inc. (J.A. Fire). *Id.* The NASI Funds are administered at 8000 Corporate Drive, Landover, Maryland 20785. *Id.*

Defendant J.A. Fire is a corporation existing under the laws of the State of Indiana with offices located in Indiana. ECF No. 1 ¶ 2. Defendant operates as a contractor or subcontractor in the sprinkler industry, and at all times relevant to the action was and is an employer in an industry affecting commerce as defined by ERISA, 29 U.S.C. §§ 1002(5), (9), (11), (12) and (14), the Labor-Management Relations Act (LMRA), 28 U.S.C. §§ 142(1), (3) and 152(2), the Multi-Employer Pension Plan Amendments of 1980, 29 U.S.C. § 1001(a). *See id.* Defendant Patricia Abrams is the President of Defendant J.A. Fire and an Indiana resident. ECF No. 1 ¶ 3.

Plaintiffs allege that Defendant J.A. Fire entered into a Collective Bargaining Agreement with Road Sprinkler Fitters Local Union No. 669, which, in turn, bound it to the Trust Agreements and Guidelines for Participation in the NASI Funds executed between the Union and the National Fire Sprinkler Association. ECF No. 1 ¶ 5–6; *see also* ECF Nos. 8-7–8-14 (agreements and guidelines between Defendant J.A. Fire and Local Union 669). Under the terms of the Restated Agreements, when an employer fails to submit the required contributions and file

---

[1] The following facts are taken from the Complaint, ECF No. 1, and Plaintiffs' memorandum and exhibits in support of the Motion for Default Judgment, ECF No. 8.

the properly completed report forms, the NASI Funds are permitted to determine the amount of the employer's delinquency using the following formula:

> [T]he amount of the delinquency [is] the greater of (a) the average of the monthly payments or reports submitted by the Employer for the last three (3) months for which payments or reports were submitted, or (b) the average of the monthly payments or reports submitted by the Employer for the last twelve (12) months for which payments or reports were submitted . . . .

ECF No. 8-4 ¶ 13; *see also* ECF No. 8-7 at 26. The trust agreements further provide that an employer who fails to timely pay required contributions under the collective bargaining agreement is obligated to pay liquidated damages pursuant to the following calculations:

> (1) If payment is not received . . . by the 15th of the month, 10% of the amount [owed] is assessed.
>
> (2) An additional 5% is added if payment is not received . . . by the last working day of the month in which payment was due.
>
> (3) An additional 5% is added if payment is not received by the 15th of the month following the month in which payment was due.

ECF No. 8-4 ¶ 16.

Defendant J.A. Fire experienced difficulty making the required benefit contributions, and, in response to these difficulties, the NASI Funds and Defendants entered a settlement agreement and promissory note allowing Defendants to make systematic payment over time of all amounts owed to the NASI Funds. ECF No. 1 ¶ 8; ECF No. 8-4 ¶ 9. The principal amount owed pursuant to the settlement agreement was $165,958.85, and liquidated damages had accrued to $113, 202.85. ECF No. 1 ¶ 8; ECF No. 8-4 ¶ 9; ECF No. 11-3 ¶ 3. Under the terms of the settlement, Defendants were permitted to pay the principal amount in monthly installments over twenty-four months. *Id.* Liquidated damages were waived, contingent upon Defendants remaining current on their payments under the settlement agreement and in all future monthly contributions owed during the duration of the settlement. ECF No. 1 ¶ 8. Defendant Abrams also agreed to

"personally guarantee all terms of" the settlement agreement. ECF No. 8-4 ¶ 10; ECF No. 11-3 ¶ 10. Per the settlement, Defendants agreed that "in the event of a lawsuit to enforce payment of the Promissory Note and/or the terms of the Agreement," Defendants would be "jointly and severally liable to pay costs and attorneys' fees." ECF No. 11-3 ¶ 13.

Plaintiffs commenced this action on June 8, 2018, alleging that Defendants had defaulted on the terms of the settlement agreement by failing to pay contributions to the NASI Funds for the months of March through April 2018 and by failing to submit required reports for these months per the terms of the Collective Bargaining Agreement. ECF No. 1 ¶ 11; *see also* ECF No. 8-4 at ¶ 11–12. In the Complaint, Plaintiffs sought to recover $84,714.88—the projected delinquency for these months calculated based on the terms (described above) of the Restated Agreement—and $16,733.02 in liquidated damages assessed on late contributions. ECF No. 1 ¶ 13–15. They also sought "costs, interest, and reasonable attorneys' fees assessed pursuant to 29 U.S.C. § 1132(g) . . ." and the trust agreements and "all contributions and liquidated damages which become due subsequent to the filing of this action through the date of judgment, plus costs, interest, and reasonable attorneys' fees . . . ." ECF No. 1 ¶ C–D.

Each Defendant was served on June 19, 2018. ECF Nos. 4–5. When Defendants failed to respond within the requisite time period, Plaintiffs filed a motion for entry of default, ECF No. 6, and the pending motion for default judgment, ECF No. 8. Defendants failed to respond, and the clerk entered default on September 7, 2018. ECF No. 9.

## II. STANDARD OF REVIEW

"A defendant's default does not automatically entitle the plaintiff to entry of a default judgment: rather, that decision is left to the discretion of the court." *Choice Hotels Intern., Inc. v. Savannah Shakti Carp.*, No. DKC-11-0438, 2011 WL 5118328 at * 2 (D. Md. Oct. 25, 2011)

(citing *Dow v. Jones*, 232 F.Supp.2d 491, 494 (D. Md. 2002)). Although "[t]he Fourth Circuit has a 'strong policy' that 'cases be decided on their merits,'" *id.* (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir.1993)), "default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party[.]" *Id.* (citing *S.E.C. v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D. Md. 2005)).

"Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 422 (D. Md. 2005). Rule 54(c) of the Federal Rules of Civil Procedure limits the type of judgment that may be entered based on a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." In entering default judgment, a court cannot, therefore, award additional damages "because the defendant could not reasonably have expected that his damages would exceed th[e] amount [pled in the complaint]." *In re Genesys Data Techs., Inc.*, 204 F.3d 124, 132 (4th Cir. 2000). Where a complaint does not specify an amount, "the court is required to make an independent determination of the sum to be awarded." *Adkins v. Teseo*, 180 F.Supp.2d 15, 17 (D.D.C. 2001) (citing *S.E.C. v. Management Dynamics, Inc.*, 515 F.2d 801, 814 (2nd Cir. 1975); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2nd Cir. 1981)). While the Court may hold a hearing to prove damages, it is not required to do so; it may rely instead on "detailed affidavits or documentary evidence to determine the appropriate sum." *Adkins*, 180 F.Supp.2d at 17 (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)); *see also Laborers' District Council Pension, et al. v. E.G.S., Inc.*, No. WDQ–09–3174, 2010 WL 1568595, at *3 (D. Md. Apr.16, 2010) ("[O]n default judgment, the Court may only award damages without a hearing if the record supports the damages requested.").

In considering a Motion for Default Judgment, the Court accepts as true the well-pleaded factual allegations in the Complaint as to liability, but nevertheless "must determine whether [those] allegations . . . support the relief sought in th[e] action." *Int'l Painters & Allied Trades Indus. Pension Fund v. Capital Restoration & Painting Co.*, 919 F. Supp. 2d 680, 685 (D. Md. 2013) (citation and internal quotation marks omitted).

## III. DISCUSSION

Assuming the truth of the well-pleaded allegations of the complaint, as the Court must upon entry of default judgment, Plaintiffs have established Defendants' liability for breach of the settlement agreement and failure to make the contributions required under the trust agreements. *See* 29 U.S.C. § 1132(g) (providing that employers who fail to timely make contributions are liable in a civil action for, *inter alia*, unpaid contributions, interest on the unpaid contributions, and reasonable attorneys' fees and costs of the action).

The Court has subject matter jurisdiction over this action pursuant to Section 502 of ERISA, 29 U.S.C. § 1132 and 1451(c). Venue is proper under 29 U.S.C. §§ 1132(e)(2), 1451(d), as NASI Funds are administered in Landover, Maryland. *See Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. McD Metals, Inc.*, 964 F. Supp. 1040 (E.D. Va. 1997); *Trustees of Nat. Automatic Sprinkler Indus. Pension Fund v. Best Automatic Fire Prot., Inc.*, 578 F. Supp. 94, 95 (D. Md. 1983).

Under ERISA, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145; *see Bd. of Trustees, Sheet Metal Workers' Nat'l Pension Fund v. Camelot Constr., Inc.*, No. 1:14-CV-161-LMB-TRJ, 2015 WL 13050031, at *3

(E.D. Va. Apr. 14, 2015). In the Complaint, Plaintiffs allege that Defendant was obligated under the terms of the Collective Bargaining Agreements and Trust Agreements to make contributions to the NASI Funds, but failed to make payments for March and April 2018. ECF No. 1 ¶ 14. To their Motion for Default Judgment, Plaintiffs attach a Declaration of Michael W. Jacobson, Fund Administrator, who attests that Defendants filed to make contributions for these months. ECF No. 8-4 ¶ 11.

Regarding damages, 29 U.S.C. § 1132(g)(2) provides that in any action brought to enforce the payment of delinquent contributions, and in which a judgment in favor of the plan is awarded, the court shall award the plan:

> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of—
>   i. interest on the unpaid contributions, or
>   ii. liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2); *see also Columbus Show Case Co.*, 2014 WL 3811252, at *4 (E.D. Va. Aug. 1, 2014); *Int'l Painters & Allied Trades Indus. Pension Fund v. Capital Restoration & Painting Co.*, 919 F. Supp. 2d 680, 686 (D. Md. 2013); *Trustees of Plumbers & Pipefitters Nat. Pension Fund v. Lake Side Plumbing & Heating, Inc.*, No. 1:12-CV-00298 LO/IDD, 2012 WL 6203001, at *4 (E.D. Va. Nov. 20, 2012).

In support of the request for damages, Plaintiffs refer to the Jacobson's declaration, which attests to an amount of $84,714.88, using the formula described *supra*. ECF No. 8-4 ¶ 14.

Pursuant to the liquidated damages formula described earlier, and as Jacobson attests in his Declaration, Defendants further owe $16,733.02 in liquidated damages. ECF No. 8-4 ¶ 17; *see* 29 U.S.C. § 1132(g)(2)(C)(ii). Additionally, Plaintiffs seek interest in the amount of $3,390.26 pursuant to 29 U.S.C. § 1132(g)(2)(B), the collective bargaining agreements, the Restated Agreement, and the Guidelines.

Finally, in support of their claim for attorneys' fees and costs, Plaintiffs submit the declarations of their attorney, Charles W. Gilligan, ECF Nos. 10-15 & 15-2, a spreadsheet specifying the hourly billing by Gilligan and his paralegal with respect to the instant lawsuit, ECF No. 10-16, and invoices for costs spent on out-of-state process service, ECF No. 10-17. These materials indicate that Gilligan's firm spent thirteen hours on this case on behalf of Plaintiffs, at a rate of $122 per hour for paralegal time and $310 per hour for attorney time. ECF No. 10-15. These rates are well within the local guidelines and are reasonable. *See* Loc. R. App. B (D. Md.). Plaintiffs are therefore awarded $1,680 in attorneys' fees. The record also substantiates the following expenses: $310 for service of process and $400 for filing fees. ECF Nos. 10-15 & 10-17. Thus, Plaintiffs are awarded $710 in costs.

**IV.    CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion for Default Judgment is granted. Judgment is entered against Defendants and in favor of Plaintiff in the total amount of $107,228.16. Additionally, post-judgment interest shall accrue until the judgment is satisfied pursuant to 28 U.S.C. § 1961. A separate Order shall issue.

Date: <u>November   20, 2018</u>　　　　　　　　　　　　　　　<u>      /s/                              </u>
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　GEORGE J. HAZEL
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge